**SIGNED THIS: June 24, 2008**

_____

**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                     )
                                           )
HOWARD N. MEYERBERG and                    )   Bankruptcy Case No. 07-91964
TERRI L. MEYERBERG,                        )
                                           )
                      Debtors.             )

OPINION

This matter having come before the Court on an Objection to Confirmation filed by Creditor, National City Mortgage Co., and Response to National City's Objection to Confirmation filed by the Debtors; the Court, having reviewed the written arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute, and are, in pertinent part, as follows:

1.     On December 31, 2007, Debtors filed the instant Chapter 13 bankruptcy proceeding. This was their fourth Chapter 13 bankruptcy since the original filing of Case No. 04-90881, on March 17, 2004.

2.     In the instant proceeding, Creditor, National City Mortgage Co., filed a Proof of Claim on January 9, 2008, listing a pre-petition arrearage in the amount of $59,655.56, stating a total amount of claim of $138,815.67.

3.     On January 18, 2008, the Creditor, National City Mortgage Co., filed an Objection to Confirmation of Debtors' Chapter 13 Plan stating that full arrearages in the amount of $59,655.56, must be paid through Debtors' Chapter 13 Plan pursuant to the provisions of 11 U.S.C. § 1322(b)(2). On February 21, 2008, the Debtors filed a Response to National City's Objection to Confirmation arguing that the arrearages that needed to be paid through their plan should be found to be the sum of $46,018.03.

4.     Creditor, National City Mortgage Co., received a Judgment of Foreclosure and Sale in a Kankakee County Circuit Court proceeding on December 18, 2007, showing a total sum due on that date, as to its first mortgage, in the amount of $129,208.46.

5.     The note evidencing the indebtedness due from the Debtors to Creditor, National City Mortgage Co., called for payments to commence June 1, 1996, on a balance of $97,500, with interest at the rate of 8.375% per annum. As of February 2, 2008, 140 payments should have been made on the note in question, leaving an amortized balance, after 140 payments, of $83,190.43.

## Conclusions of Law

It is the Debtors' position that the arrearage to be paid on their mortgage must be the difference between the $129,208.46 Judgment in Kankakee County Circuit Court and the $83,190.43 amount of scheduled payments that were due as of February 2, 2008. Based upon these figures, the Debtors assert that the arrearage that must be paid through their Chapter 13 is the sum of $46,018.03.

2

In opposing the Debtors' Chapter 13 Plan, National City Mortgage Co. argues that, under Illinois law, a judgment of foreclosure and sale is not final and appealable until the State Court enters an order approving the foreclosure sale and directing distribution of the proceeds.  National City Mortgage Co. cites the case of In re Hodges, 350 B.R. 796 (Bankr. N.D. Ill. 2006) for this proposition.  Additionally, National City Mortgage Co. argues that the Debtors' Response to National City's Objection to Confirmation fails to dispute a single item of National City Mortgage Co.'s Proof of Claim and that the Debtors failed to provide any basis for the calculation set forth in their response.

A review of the cases cited by National City Mortgage Co. and of Illinois Supreme Court Rule 304(a) leads this Court to conclude that the Judgment of Foreclosure and Sale entered by the Kankakee County Circuit Court on December 18, 2007, is not a final and appealable judgment and is not dispositive of the actual arrearages owed by the Debtors on their indebtedness to National City Mortgage Co.  In this regard, the Court has examined the exhibits submitted by National City Mortgage Co. attached to its Proof of Claim and the exhibits attached to the pleadings presently before the Court and finds that the amounts set forth in the December 18, 2007, Kankakee County Circuit Court Judgment of Foreclosure and Sale do not reflect all of the amounts due from the Debtors necessary to cure the arrearages on their mortgage with the Creditor.  Based upon this review, the Court finds that the undisputed facts reveal that the Debtors have a pre-petition arrearage to Creditor, National City Mortgage Co., in the amount of $59,655.55, against a total claim of $138,815.67.  Thus, pursuant to the provisions of 11 U.S.C. § 1322(b)(2), confirmation of the Debtors' Chapter 13 Plan must be denied in that the plan does not fully pay pre-petition mortgage arrears as required.

### 

3